SUMMARY ORDER
Defendant-appellant Jose Delacruz challenges a judgment of conviction entered by the District Court on March 7, 2008 after he pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. § 846. The District Court sentenced defendant principally to 108 months’ imprisonment, to be followed by a term of three years’ supervised release. On appeal, defendant argues that the District Court committed plain error by ordering a forfeiture without informing the defendant of the possibility of forfeiture in light of his plea. See Fed.R.Crim.P. ll(b)(l)(J) (“Before the court accepts a plea of guilty .... [it] must inform the defendant of, and determine that the defendant understands ... any applicable forfeiture.”). We assume the parties’ familiarity with the facts and procedural history of the case.
Defendant’s contention that the District Court committed plain error in failing to inform him of an applicable forfeiture of approximately $1.77 million prior to imposing a forfeiture in that amount is unavailing. It is not disputed that neither defendant’s plea agreement nor the Rule 11 proceeding informed him of the forfeiture. However, even assuming that the District Court committed error that was plain, defendant has not established that the error prejudicially affected his substantial rights. See United States v. Torrellas, 455 F.3d 96, 103 (2d Cir.2006) (“To satisfy the plain-error standard, the defendant must demonstrate, inter alia, that (1) there was error, (2) the error was plain, [and that] (3) the error prejudicially affected his substantial rights.” (internal quotation marks *658 omitted)). Defendant, who received a sentence below the suggested Guidelines range, does not claim or make any effort to demonstrate that, but for the District Court’s error, he would not have pleaded guilty. See id. (“In order to demonstrate that a Rule 11 error affected his substantial rights, a defendant must show ‘a reasonable probability that, but for the error, he would not have entered the plea.’”) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2338, 159 L.Ed.2d 157 (2004)). Indeed, defendant has at no point attempted to withdraw his guilty plea.
Vacatur of the March 7, 2008 judgment of conviction is not warranted. Nevertheless, the Government and defendant agree that the cause should be remanded for the limited purpose of vacating the forfeiture order, which was not mentioned in the Rule 11 proceeding. We agree that, in the circumstances presented, a limited remand is appropriate.
CONCLUSION
For the reasons stated above, the March 7, 2008 judgment of conviction is AFFIRMED except with respect to the question of forfeiture, and the cause is REMANDED for the limited purpose of having the District Court vacate the forfeiture order.